Thank you, Your Honors. I would like to reserve a couple of minutes at the end for rebuttal, so if you could put that in. Your Honors, this is a case about David Fuschak, a pro se petitioner who worked diligently to file his habeas within the time limits described by 28 U.S.C. 2244D. From the very beginning, as he was filing his habeas in the state and in the federal, Mr. Fuschak set out four reasons why he was unable to make the deadlines. And there's been no factual dispute as to the four factors that he set forward. First and most importantly, there was a prison law handbook where he was stationed, where he was housed, and that handbook clearly and unambiguously contained the wrong information about when that petition was due. It indicated that the habeas petition has to be filed within one year after the conviction becomes final, and if there's no review to the Supreme Court, California Supreme Court, 90 days after sentencing or affirmance. Kagan. Did Mr. Fuschak have access to other materials on AEDPA other than that handbook? Your Honor, there is — that was the book that he had. There hasn't been a factual enlargement of the record. He indicated that that was the handbook that was at the prison. The records show that he took that handbook out and that he relied on it. And it was only when he got ready to file his habeas that he realized that there was, in fact, another date. Has he alleged that there were no other materials? Your Honor, he alleged that this is what he relied on. And this is a handbook called the California Habeas Handbook in the prison library, which he relied on. One thing that I think is interesting, Your Honors, is that around this time, there was a settlement of a big class-action lawsuit that specifically related to the materials in the prisons, access to the materials, and the statutes have since been changed to require that updated materials be available. But at that time, there wasn't. And this Court has indicated in the past that certainly lack of access to the AEDPA materials would — could be a reason for tolling. Here — Also, Judge Gould, if I could ask you a question, on the handbook, if you're — you've got a pretty good argument on that, but it gets your client 50 days, as I understand it. And so it doesn't really address whether he gets statutory tolling or gap tolling for the period in between his appeals in the state court. And I think if he doesn't get gap tolling, he's probably out of luck, right, in timing? Yes, Your Honor. If he doesn't get gap tolling, he would be out of luck. So I think the way I approached it was the first step is that the State Habeas is timely filed because he filed it only six days later than the actual date and clearly within the dates that he had. Your Honor's right, though, that would give him 50 additional days for tolling. As to the gap tolling, Your Honors, the law, I think, is also helpful in that while the — while the petitions are pending, actually being considered, there's strong case law that that time would be considered tolled. And then the other issue — So only if the State petitions were deemed — were timely filed under State law. You don't — if they weren't timely, you don't get credit for the time that it was pending, right? Yes, Your Honor. So your main problem, it seems to me, is the — remind me, is it three-and-a-half months between the State habeas court's denial, State trial court's denial, and the court of appeal petition? Maybe you can address that period. Okay. Thank you, Your Honor.  And so considering whether the tolling — there should be gap tolling, the courts have looked at whether it's reasonable. And although there's case law that talks about 30 to 60 days being reasonable, what the case laws talk about is unexplained delays of more than six months may be considered unreasonable. And, Your Honors, in looking at those cases where they have allowed gap tolling for longer than 103 days, the facts generally show — well, let me reverse it — where they have not allowed gap tolling for that period of time, the facts in the cases mean everything. There are cases, for instance, in the Evans case where that law was — came out by the Supreme Court. That was a case where the petitioner waited three years before filing his initial — his initial petition. And then the Supreme Court, in trying to decide how much time should be tolled, tolled time when that individual's work schedule conflicted with library time, tolled time when the library was closed, and only then was there six months that were not used up. Similarly, Your Honors, in Schaefer v. Prosper, where the court says that 101 and 115 days, if unexplained, may — may defeat the tolling, in that case, there's information in the case that indicates that there's a gap. It's that the petitioner actually didn't even go to the library for two years. In, you know, Velazquez v. Kirkland, where they talk about 80 to 91 days, the client has an attorney the whole time, and his petition is identical from one level to the other. Do we have any case that says that the kind of explanation that Mr. Fouchek gave here, that he had limited library access, I think that's his main argument. I mean, he also has the mental health explanation, that those explanations are enough to get tolling. I couldn't find any case that affirmatively granted tolling for those kind of explanations. Your Honors, what I saw was, for instance, in Noble v. Adams, where they said there could be excuses for that amount of time. I don't know if there's a case that says absolutely. I know that the Sosa case, which, Your Honor, was a part of that panel. Definitely one of the issues that they were looking at, they affirmatively allowed tolling for when the magistrate had told the client that he could file late. But they also, I believe, are going to remand to look and see about the library access and whether that would be an issue. Your Honors, the other thing is with respect to access to his records, which is another thing that the client says. The case law is pretty good about talking about, from one petition to the next, what is the client doing? There are cases where they reject gap tolling, and those are cases where the person files the identical petition, maybe indicates that he found new law or new facts, but then, in fact, there's nothing that indicates that. In this case, Mr. Fouchac, during the 103 days, he changed his petition. He addressed what the lower court had said. He was concerned because the lower court just relied on the underlying appeal, which was a Wendy brief and listed nothing. He was concerned that he needed to protect the issues. And so, in fact, he added more law. He added more information and continuously indicated why the brief would be late or why he needed more time. Can you explain, though, why he needed more than two hours of library access a week to make those changes, why he couldn't have done it in 60 days with two hours of library access a week? Your Honor, I don't know that there was any factual findings. I mean, what happened is the district court judge just looked at cases where they say unexplained delays means no gap tolling, never looked beyond that. But I do know that, for instance, the new regulations that have been enacted since the lawsuit during this time require that individuals get four hours per week if they have something pending. So while there was no hearing, if that is needed at a minimum, the case should be remanded back for factual finding. It has been an issue. The cases have talked about access to the library, and, in fact, the rules have changed. Okay. Why don't we hear from the State, and then we'll give you some time for rebuttal. Thank you, Your Honor. Good morning. May it please the Court. My name is Pam Critchfield for the State of California. We submit the Petitioner is not entitled to statutory or equitable tolling in this case. The handbook, the erroneous instruction in the handbook, was neither a State-created impediment or an extraordinary circumstance that would entitle the Petitioner to equitable tolling. And to answer the question of whether there was other information in the library that had access, is that in the record? No, but there is no allegation that there was no other information. Yes, it's true, all the information in the library may not be perfect, but it's not perfect in my library at the State, either. There are outdated cases. This, it's like, as the district court said, the handbook is sort of a hybrid between prison, a fellow prisoner, prisoner's advice, or an attorney's advice. It was an outdated handbook, and it was an outdated handbook. But if he had no information that was accurate on Edpa, that would be a problem, right? There's no allegation of that, Your Honor. But the only thing in the record is his allegation that this was what he had and it was wrong. So if we think this matters, which maybe we won't, but if we think the handbook matters, do we need to remand? No. Why not? Because there's no allegation of it. So I don't think there's enough to remand it for. Okay. Counsel, Judge Gould, if I could interpose a question. Let's assume we disagree on the handbook, and we think he should get that 50 days, so his state petition is timely. Can you give me or give us in detail your view on whether he gets statutory gap tolling given the delay of 101 days or whatever between appeals? He is not entitled to gap tolling. His excuse that he filed with the court of appeal after the denial, the 103 days after the denial of his superior court petition, was very generic. It was not specific at all. He said he was indigent. He's pro se. He had two hours a week of library, and he throws a mental illness allegation, but with no, with one, two sheets of paper to support it, and absolutely no evidence to show that it would have caused any delay. And I put that in my, I refer to it in my brief, and I refer, I have it in the supplemental excerpts of record, the actual page that outlines his explanation of that. We can tell from the record, though, that he actually did change his petition quite a bit between the superior court and the court of appeal, right? I would argue no, he did not. And remember, he filed a supplemental brief in the court of appeal on direct appeal. He knew what his claims were from 2008, late 2008. He was arguing with his appellate attorney who was going to file a Wendy brief because he said there were no issues. But in terms of his habeas issues, so in the, as I look at it, in the superior court, he wasn't citing federal cases. In the court of appeal, he was. He has quite a few new case citations in the court of appeal brief. Do you see that? He makes the same arguments, though. He argued the same thing in the original court of appeal supplemental brief, in the superior court, and the same claims.  I'll be perfectly honest. His briefs are not a completely clear. They're difficult to understand. But I have read all three of them, and he does not make, he just regurgitates his claims. He may have added some cases, but he is not, this is not a complex case. This was a bicycle theft, and it was a three-day trial. And his appellate attorney told him he had no issues, and there was nothing, there was no constitutional issues either. So. Can I ask you this, just looking at the court of appeal, the state court of appeals summary denial order? Okay. Okay. It's a list of three cases, I guess, or four. Yeah, I'm trying to count. Can you just tell me, tick off, what are those, what are those cases representing? I believe. So I'll tell you what they are. Okay. And you guys know these. Swain, what's, is that? Well, I'm not good at all my, my perspective on it. All right, well, let me ask you this. Are any of them timeliness? No, no, he didn't. Okay, so we have cases. I know we have cases saying that just because a court reaches the merits, or just because a court summarily says denied, we can't infer that it therefore found the petition timely, but when the state court gives specific procedural grounds that don't include timeliness, do we have a case that says that we can still, nonetheless, we still nonetheless have to go through the whole exercise? I don't know the answer to that. Probably there's something. Why would we do that? Well, obviously the court, if it thought the petition was timely, would have thrown that one in along with these other four, wouldn't it? Not necessarily. I think the state courts don't necessarily throw in the timeliness bar. Often don't throw in the timeliness bar. The, the bars that, is Clark one of the bars?  Okay. I'll just tell you what they are. It's Swain. Swain, Lindley, Dixon, and Waltrius. Okay. I mean, I, I know, like. Clark and Robbins. Right, and that's not one of them. So I, I guess, I'm, I'm sort of puzzled why we as a federal court are going to waste our time trying to figure out whether this petition was or wasn't timely in the court of appeals view. But it's his burden. And he hasn't shown that. His allegations of why it's late are very, very inadequate. I mean, I, I decided to let you. It's not like those other cases where the person just has no explanation whatsoever and they take, you know, ten months, a year and a half. They're not considered timely. This court has not considered those timely. Right. But I'm saying that's the, in contrast to those cases, he has offered an explanation. Now, I guess you don't find it very persuasive. Fine. But he's given an explanation. And our task is to try to guess as to whether a California court would find that explanation persuasive. And I'm saying it seems awfully odd that we're supposed to engage in this speculative exercise when the state court of appeal had an opportunity to tell us if it thought this was untimely. It gave a bunch of other, I assume, procedural grounds for denying the petition. And it didn't include timeliness. So I don't, why isn't that the end of the story? Because I think that often happens. I think the state court often doesn't put in a timeliness bar. And I don't think that means it isn't untimely. I think you look at the 103 days and the fact that this, his petitions didn't change. He might have cited a couple more cases, but. He cited a lot more cases. And they were Federal cases that he hadn't cited before. So there was a change. And he does have an explanation, which is that he needed library access to do that research, which, do you have any case that says that that explanation is not enough in a situation like this where changes have been made? I cited those in my brief, that there's, there are cases that talk about two hours a week of library access as a routine limitation of prison life. Right. In the Federal context, though, this Court has said that's not enough to get equitable tolling on its own. But here we're talking about whether the state court would have given gap tolling or would have viewed this as timely. And so whether we should give it gap tolling. And I couldn't find any state case that talked about a situation like this where there was a petition that actually had reflected some research and the person said I needed more time than 60 days gave me given the rules of the prison. I, and I, I think in my brief I cited In re Robbins and the language in that case. I don't. The cases that in California that deal with the timeliness issue, I can't say to you, oh, there's a case that says that that's not a good enough excuse. But if you look at the cases where it is a good enough excuse, it's massively more than this. Okay. So, do you have any other questions for counsel for the State? I have no further questions. Sure. Is Mr. Fushak still in prison? No. He was released in April of this year. All right. Let's put two, two minutes back on the clock for counsel for petitioner. So, Your Honors, if you have anything specific to ask, obviously ask. But with respect to the questions about if the State finds timeliness, my understanding and I can look, I think we did cite a case, is that while it may not be determinative, it certainly is entitled to wait in terms of what the State determines. And there are lots of cases. I think the Sosa case, there was a gap of nine months at some point. There were longer gaps, and it was just presumed that the time was timely. Well, there the Court remanded to determine whether there would be gap tolling. So I don't think you can view that as a ruling in favor of gap tolling. Okay. But I do know that it is obviously an issue. And a lot of the cases where the Ninth Circuit found that there wasn't timeliness, in fact, they looked at those details. And again, they found, for instance, that the petitioner who says that he needed gap tolling didn't go to the library for two years or didn't file a petition for three years and said that his work schedule conflicted. And they still gave credence to a lot of those explanations. And it really was only this idea of unexplained delay. Can I ask you this? Did the State argue before the State Court of Appeal that the petition was untimely? No, Your Honor. There was no, so there was no challenge. There was no, there was nothing about untimeliness until it got to district court, as far as I know. Okay. So the, did your client offer the explanation that you're offering now for why it took 103 or however many days? Did he offer that explanation at some point to the State Court of Appeal? Your Honor, it's my understanding that with each petition that he was filing, the habeas petitions, he was citing these explanations as to, you know, as to why it took longer. I'm not sure if what he wrote changed in terms of the explanations, whether they But it is clear that during that 103 days, and again, Your Honors, I mean, I'm an attorney, and I have a superstar legal research attorney, and it took us 150-something days to get our brief on file. And I disagree with the government that this was not a complicated case. Maybe the underlying facts weren't as complicated as can be, but the EDPA and the tolling and the habeas petitions are incredibly complicated. And, in fact, there's lots of language in the Ninth Circuit where this Court talks about imposing, you know, extraordinarily high evidentiary standards runs against the grain of the en banc ruling in Rand, which says that affirmative measures are sometimes required to ensure a prisoner's access to the court is adequate, effective, and meaningful. And there's just one other quote, Your Honors, as well, where they talk about how these pro se Petitioners are between a rock and a hard place, because if they wait and it's untimely, they may not have all the attachments. And in here, the handbook and the petition said, be sure to attach everything. And so they're stuck between filing quickly and trying to make sure that they have everything in order. Your Honors, clearly, the evidence here is that Mr. Fouchek was diligent. He was he he he worked very hard on this, and he should be entitled both to the tolling at the beginning as well as the gap tolling, so that this Court in a de novo review should find that the petition was timely and remand it back to the district court to consider the merits. Thank you, counsel. Thank you, Your Honors. The case just argued will be submitted.
judges: Gould, Watford, Friedland